## Lorenzo Hemmer *vs.* Fanny W. Cooper.

An action for deceit in the sale of real estate cannot be sustained by proof of fraudulent misrepresentations as to the price paid for it by the vendor.

Tort for deceit in an exchange of real estate. At the trial in the superior court, before *Allen,* C. J., the plaintiff relied solely upon misrepresentations by the defendant as to the price paid by her for the land which she conveyed by way of exchange to the plaintiff; and the chief justice ruled that, upon this state of facts, the action could not be maintained, and directed a verdict for the defendant, which was accordingly rendered. The plaintiff alleged exceptions.

*E. M. Bigelow,* for the plaintiff, cited *Sandford* v. *Handy,* 23 Wend. 260; *Van Epps* v. *Harrison,* 5 Hill, (N. Y.) 63; *Page* v. *Parker,* 43 N. H. 369; *Hazard* v. *Irwin,* 18 Pick. 104–106.

*H. J. Boardman & C. Blodgett, Jr.,* for the defendant.

Chapman, J. The representations of a vendor of real estate, to the vendee, as to the price which he paid for it, are to be regarded in the same light as representations respecting its value. A purchaser ought not to rely upon them; for it is settled that, even when they are false and uttered with a view to deceive, they furnish no ground of action. *Medbury* v. *Watson,* 6 Met. 246, and cases there cited. *Exceptions overruled.*